UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Campbell, Jr., # 274477, | ) C/A No. 2:11-914-TLW-BHH |
|                         Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Robert Fitzimmons, Attorney;<br>Jarrett Douglas, Office;<br>Charles Gonzales, Office;<br>Carol A. McCurry, Solicitor;<br>Barbara McIlwain, Victim, | ) |
|                         Respondents. | ) |

Petitioner is a state prisoner in the South Carolina Department of Corrections' Kershaw Correctional Institution, serving a twenty-year sentence for burglary following his conviction in Fairfield County General Sessions Court, in Winnsboro, South Carolina, on April 11, 2001.[1] Petitioner, proceeding *pro se* and *in forma pauperis*, files this civil action which, although submitted on a state prisoner complaint form, is properly construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, because Petitioner "prays for [his] unconditional release from imprisonment" (ECF No. 1, p. 5) and because § 2254 is the appropriate habeas statute for "a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a); *Gregory v. Coleman*, 218 Fed. App'x 266, *1n* (4th Cir. 2007)(recognizing majority view, that § 2254 is the exclusive vehicle for habeas corpus

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in the district and circuit courts, in *Campbell v. Warden, Broad River Correctional Institution*, 8:06-2643-TLW-BHH (D.S.C.). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

1

relief by a state prisoner, but declining to indicate whether the Fourth Circuit would join the majority of Circuit Courts). Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Petition and applicable law, the undersigned recommends that the Petition be summarily dismissed because this Court lacks jurisdiction to entertain it.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v.*

2

*Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).  Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.  *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Even under this less stringent standard, it plainly appears from the instant Petition that this Court lacks jurisdiction to hear the Petition.  Accordingly, the Petition submitted in this case should be summarily dismissed.

## Discussion

In addition to demanding his release from imprisonment and asserting that "this claim must [be] treated as [a] Petition for Habeas Corpus" (ECF No. 1, p. 3), Petitioner also cites to 42 U.S.C. § 1983 and demands "relief and reparation of $500 million dollars." ECF No. 1, p. 4. However, a prisoner may not seek monetary damages in a habeas action.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact

3

or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983). Furthermore, the United States Supreme Court has held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. at 486-87; *see Edwards v. Balisock*, 520 U.S. 641 (1997)(the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment.).

Petitioner has not successfully challenged his state court conviction, therefore, because he cannot allege the necessary element of the illegality of his state court conviction, he cannot show a constitutional injury and cannot state a cognizable § 1983 claim. Petitioner has previously filed six § 1983 actions in this Court against the same five persons who are named as Respondents in the instant case, alleging violations of his civil rights in connection with his state court conviction in 2001.[2] All of Petitioner's previous § 1983 cases have been summarily dismissed. Because of his previous, repetitive, frivolous civil actions, Petitioner is subject to the "three strikes" rule of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). *See Campbell v. Crum*, 8:10-1880-TLW-

---

[2] As noted above, the Court takes judicial notice of Petitioner's prior proceedings in the district and circuit courts. Additionally, the Court notes that a prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

4

BHH (D.S.C. Jan. 7, 2011) ECF No. 21; *Campbell v. Fitzsimmons*, 9:10-910-TLW-BHH (D.S.C. May 28, 2010) ECF No. 30; *Campbell v. Fitzsimmons*, 8:10-92-TLW-BHH (D.S.C. Mar. 11, 2010) ECF No. 37; *Campbell v. Fitzsimmons*, 8:09-2249-TLW-BHH (D.S.C. Dec. 11, 2009) ECF No. 22. Thus, except in a habeas case such as the instant case, Petitioner may not proceed *in forma pauperis* in this Court unless he demonstrates that he is under imminent danger of serious physical injury.

Petitioner has also previously brought a § 2254 habeas action in this Court. In *Campbell v. Warden, Broad River Correctional Institution*, 8:06-2643-TLW-BHH (D.S.C.), Petitioner's petition for writ of habeas corpus was dismissed with prejudice and respondents' motion for summary judgment was granted, on September 21, 2007. On March 6, 2008, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal of this Court's decision and denied Petitioner's motion for a certificate of appealability. The Fourth Circuit subsequently denied Petitioner's petition for rehearing if its decision, on April 21, 2008. *See Campbell v. Warden, Broad River Correctional Institution*, 8:06-2643-TLW-BHH (D.S.C. Sept. 21, 2007) ECF Nos. 28, 35, and 38.

Hence, the threshold issue in the instant case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254.

Pursuant to the cited statute and rule, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for

5

an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As the Fourth Circuit explained in *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." *See also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003)("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *Thomas v. Bodison*, No. 6:09-2200-HMH-WMC, at *2 (D.S.C. Nov. 9, 2009)("In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application.").

Such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this District Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court conviction and sentence in this Court. Therefore, as Petitioner has not obtained an order of the Fourth Circuit Court of Appeals authorizing this Court to consider this second § 2254 application for a writ of habeas corpus, the Petition should be dismissed.

## Recommendation

Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondents. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

April 25, 2011  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).